# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JEFFREY CROUSE,**
**Claimant Below, Petitioner**

**FILED**

November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1019** (BOR Appeal No. 2052914)
(Claim No. 2016009432)

**SUDDENLINK COMMUNICATIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey Crouse, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Suddenlink Communications, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is the denial of additional components to the claim and the authorization for medical treatment. On March 14, 2017, the claims administrator denied Mr. Crouse's request to add intervertebral disc displacement, lumbar region, as a primary diagnosis and strain of muscle, fascia, and tendon of the lower back as a secondary condition in the claim. The claims administrator denied a request for the medication Neurontin in an Order dated March 23, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed both decisions on May 4, 2018. This appeal arises from the Board of Review's Order dated October 22, 2018, in which the Board affirmed the decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Crouse, a sales representative, was injured in the course of his employment on September 29, 2015. The Employees' and Physicians' Report of Injury indicated that he injured his wrist, shoulder, and back when he slipped and fell while walking down steps. The physician's section listed the diagnoses as abrasions to the wrist, shoulder, and ribs. The claims administrator

1

held the claim compensable for injury of the chest wall, wrist injury, and shoulder/arm abrasion on October 16, 2015.

Mr. Crouse sought treatment with Robert Kropack, M.D., for a consultation on May 31, 2016. Mr. Crouse reported a history of neck and low back pain for which he received prior chiropractic treatment. Dr. Kropac diagnosed thoracic musculoligamentous strain and lumbosacral musculoligamentous strain and ordered a course of physical therapy.

An MRI of the lumbar spine was performed on June 10, 2016, and revealed a left paracentral and lateral disc herniation at L5-S1, causing mild left anterior canal and left foranimal encroachment. At L5-S1 there was a mild disc bulge with no impairment. Mr. Crouse's thoracic MRI showed a disc bulge at T3-4, T6-7, and T7-8. It also revealed facet arthropathy at T10-11. The impression was multilevel disc bulges with no evidence of herniation, stenosis, or cord compression. On June 28, 2016, Dr. Kropac saw Mr. Crouse to discuss the findings of the lumbar spine MRI. Dr. Kropac diagnosed lumbar disc herniation without radiculopathy.

Joseph Grady, M.D., performed an independent medical evaluation and issued a report on August 2, 2016. Dr. Grady diagnosed resolved chest-wall sprain and noted that Mr. Crouse reported diffuse thoracic myofascial pain superimposed upon thoracolumbar spondylosis, which Dr. Grady found to be preexisting and degenerative. Dr. Grady found a causal connection between the compensable injury and the diagnosis of chest-wall sprain. He opined that Mr. Crouse's current symptoms are not related to the lumbar disc herniation found by MRI. Dr. Grady stated that no further medical treatment was needed for the compensable injury and that Mr. Crouse had reached maximum medical improvement. He assessed 0% impairment related to the compensable injury to the chest, ribs, and sternum.

Mr. Crouse returned to Dr. Kropac on August 29, 2016. The treatment records did not differ from the June 28, 2016, treatment records. He reported no change in his back symptoms and stated that his pain remained constant. Dr. Kropac diagnosed lumbar disc herniation without radiculopathy.

On February 16, 2017, Mr. Crouse again treated with Dr. Kropac for a six-month re-evaluation. He reported that he continued to experience back pain. Mr. Crouse stated that there was no change with regard to his lower back condition. Dr. Kropac diagnosed lumbar disc herniation without lower extremity radiculopathy. He opined that Mr. Crouse had reached his maximum degree of medical improvement and recommended that he undergo an independent medical evaluation. Dr. Kropac prescribed Motrin and Neurontin.

On March 3, 2017, Dr. Kropac submitted a Workers' Compensation Diagnosis Update form and requested the addition of lumbar intervertebral disc displacement and strain of the muscle, fascia, and tendon of the lower back be added to the claim as compensable conditions. The request was denied by the claims administrator by Order dated March 14, 2017. Mr. Crouse protested. By Order dated March 23, 2017, the claims administrator denied authorization for the medication Neurontin. Mr. Crouse protested the claims administrator's decision.

Marsha Bailey, M.D., performed an independent medical evaluation and issued a January 14, 2018, report. She diagnosed resolved left-shoulder contusion/abrasion, resolved right-wrist abrasion, and resolved left-rib contusions. Dr. Bailey found no evidence of thoracic or lumbar radiculopathy. She opined that Mr. Crouse's thoracic and lumbar pain are chronic and unrelated to the compensable injury. Dr. Bailey concluded that he had 0% impairment as a result of the compensable injury. Dr. Bailey diagnosed chronic thoracic and lumbar pain and she agreed with Dr. Kropac's diagnosis of lumbar disc herniation without radiculopathy. However, she strongly opined that Mr. Crouse's mid and low-back issues are unrelated to his September 29, 2015, compensable injury. Dr. Baily concluded that Mr. Crouse's spine complaints clearly preexisted the compensable injury, and were unrelated. She also found that the medication Neurontin was not medically necessary or reasonably required to treat the compensable injuries because there was no clinical evidence of true thoracic or lumbar radiculopathy. She found absolutely no objective medical evidence to establish a causal connection between Mr. Crouse's ongoing complaints in the thoracic and lumbar spine and the compensable injury.

The Office of Judges issued its decision on May 4, 2018, and found that a preponderance of the evidence did not support the addition of a low-back injury or diagnoses to the claim or the authorization of Neurontin. Based on the fact that the diagnosis of a low back injury was first made eight months after the compensable injury, and Mr. Crouse had preexisting complaints throughout the spine, the Office of Judges concluded that any lumbar disc displacement, herniation, or strain was unrelated to the September 29, 2015, compensable injury. The Office of Judges also concluded that the medication Neurontin was prescribed to treat Mr. Crouse's noncompensable back complaints which are neither reasonable nor necessary to treat the compensable components of the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 22, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The preponderance of the evidence in this case shows that Mr. Crouse's lumbar spine condition is unrelated to the work-related incident of September 29, 2015. Accordingly, the medication Neurontin is not medically necessary or reasonably required to treat the compensable conditions in the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison